THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KELLI GARNER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ST. CLAIR COUNTY, ILLINOIS, )<br>)<br>Defendant. ) | Case No. 15-cv-535 JPG-DGW |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is Plaintiff's Motion to Compel as to Second Interrogatories and Third Request for Production filed on December 8, 2015 (Doc. 43). Defendant St. Clair County, Illinois timely filed its Response in Opposition to Plaintiff's Motion to Compel on December 15, 2015 (Doc. 45). For the reasons set forth below, Plaintiff's Motion is **DENIED**.

**BACKGROUND**

Plaintiff Kelli Garner initiated this action on May 12, 2015 alleging her former employer, Defendant St. Clair County, Illinois, violated provisions of the Family and Medical Leave Act, Americans with Disabilities Act, and Illinois Human Rights Act in firing her and failing to accommodate her disability.

Plaintiff propounded her second interrogatories and third request for production of documents on Defendant on October 1, 2015, the responses to which are at issue in the motion to compel now before the Court. Specifically, Plaintiff asks the Court to order Defendant to provide full and complete responses to Interrogatory Number Six of her Second Interrogatories

that reads as follows:

> For each person working in the Clerk's office, and for the period January 1, 2013 to the present, state:
>
> A. Name, job title, inclusive dates of employment;
> B. Dates of "tardies;"
> C. Dates of absences;
> D. Discipline for tardies and/or absences, including date and level of discipline.
> E. Whether, during that time period, such person was known to you to be disabled and/or approved for intermittent Family and Medical Leave Act leave and, if so, state the dates of such FMLA leave (Plaintiff's Second Interrogatories to Defendant, Doc. 43-1).

Plaintiff also asks the Court to order Defendant to provide full and complete discovery responses to Request Number Three of her Third Request for Production that reads as follows:

> For the period 1/1/13 through the present, all documents memorializing, reflecting, and/or referring to your communication with patrons of the Clerk's office regarding complaints about employees (Plaintiff's Third Request for Production to Defendant, Doc. 43-2).

The dispute concerning these discovery requests is not new to the Court. Indeed, on October 22, 2015, this Court held a telephonic discovery dispute conference with the parties wherein the undersigned heard arguments related to these requests. After hearing the parties' arguments, this Court ordered Defendant to provide Plaintiff with the requested information, but limited the scope of such disclosure to the Small Claims Division of the St. Clair County, Illinois Clerk's Office, the division in which Plaintiff had been employed (*see* Doc. 28).

This Court held a second telephonic discovery dispute conference with the parties on December 2, 2015 wherein Plaintiff argued the scope of the Court's previous order was too narrow and asked for an order expanding the scope of the responses to the above-mentioned discovery requests to include all employees of the St. Clair County Clerk's Office. The Court

declined to extend its previous order and Plaintiff filed the instant motion (Doc. 43).

## DISCUSSION

Plaintiffs bringing employment discrimination cases such as this often need to prove their case by showing the employer treated "similarly situated" individuals not in the protected class more favorably than the plaintiff. *Burks v. Wisconsin Dep't of Transp.*, 464 F.3d 744, 750-51 (7th Cir. 2006) (citations omitted). Whether a comparator is similarly situated is "usually a question for the fact-finder" and requires analysis of a variety of relevant factors, the number of which depends on the context of the case. *Coleman v. Donahoe*, 667 F.3d 835, 846-47 (7th Cir. 2012) (quotation and citations omitted). As the Seventh Circuit explained in *Radue v. Kimberly-Clark Corp.*, plaintiffs in disciplinary cases alleging they were disciplined by their employer more harshly than a similarly situated employee based on some prohibited reason must show that they were similarly situated "with respect to performance, qualifications, and conduct." 219 F.3d 612, 617 (7th Cir. 2000) (citation omitted). "This normally entails a showing that the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or their employer's treatment of them." *Id.* at 617-18 (citation omitted).

In support of her motion to compel, Plaintiff argues she should be able to discover the requested information for all employees of the St. Clair County Clerk's Office who worked under Kahalah Dixon-Clay, the elected Circuit Clerk for the County of St. Clair, Illinois who Defendant previously disclosed was the individual who decided to discharge her (*see* Doc. 43-3, pp. 2-3). Plaintiff contends that because Ms. Clay decided to fire Plaintiff she was Plaintiff's

"supervisor" under the law and the relevant inquiry is how other employees working under Ms. Clay were treated. Defendant disagrees with Plaintiff's position, asserting that it is too narrow and does not take the other relevant factors into consideration — mainly performance, qualifications, and conduct. Defendant explains that Plaintiff is in receipt of the files of twenty individuals who worked in the Civil/Small Claims division and these employees, not the entire Clerk's Office, were "similarly situated" to Plaintiff in that they were held to the same performance, qualifications, and conduct standards. In support of its response, Defendant explains that the St. Clair County Clerk's Office is separated into distinct divisions, including Civil/Small Claims, Felony, and Probate, for example. Employees in these separate divisions are expected to perform respective to their dockets and are expected to gain knowledge sufficient to manage the needs of their particular docket, and such needs materially differ from division to division. Importantly, clerks of the Civil/Small Claims division (the division where Plaintiff was employed), answer to different judges than the other divisions and the needs of the judges differ, so the expectations in performance of the clerks equally differ.

Federal Rule of Civil Procedure 26(b) outlines the scope of discovery as that which is "relevant to any party's claim or defense and proportional to the needs of the case." In analyzing proportionality, courts are directed to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

In the case at bar, Plaintiff's argument rests on the fact that discovery regarding all of the Clerk's office employees is relevant as Kahalah Clay was the supervisor with decision-making

4

authority and it would not be a burden to produce the remaining employee files as Defendant is easily able to obtain and photocopy the same. Defendant argues that it has properly produced files of all employees working in the Civil/Small Claims division within the timeframe prescribed by Plaintiff and such production is sufficient and proportionate to the needs of Plaintiff's case. Defendant further explains that the burden it would endure if required to produce another forty files has been underestimated by Plaintiff as such burden would stretch resources that are already thin and would be placed on two employees who have many other job duties that would be negatively impacted. The Court agrees with Defendant.

There is no evidence before the Court that the additional employees in the Clerk's office had similar qualifications, performance standards or job conduct. Plaintiff worked in the Civil/Small Claims division and there has been no showing that employees in other divisions were similarly situated under *Radue*, aside from the fact that they are all ultimately overseen by Kahalah Clay, the St. Clair County Circuit Clerk. Accordingly, the Court finds that the previously ordered production of evidence is proportional to the needs of this case[1] and, without more to establish that the other employees in the Clerk's office were "similarly situated," this becomes a fishing expedition by Plaintiff.

---

[1] The Court notes that this Order references and applies Federal Rule of Civil Procedure 26(b)(1) as amended on December 1, 2015. The Court further notes that the discovery requests at issue, as well as the initial responses thereto, were served prior to the amended rule going into effect. Although the Court finds application of the amended rule proper, the undersigned clarifies that its decision on this matter would not change regardless of what iteration of Rule 26 was applied, as the previous Rule indicated that "[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(C)" — mainly that "the burden or expense of the proposed discovery outweighs its likely benefits, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel as to Second Interrogatories and Third Request for Production (Doc. 43) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** January 13, 2016

**DONALD G. WILKERSON**
**United States Magistrate Judge**