### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KELLI GARNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-00535-JPG-DGW |
| | ) | |
| ST. CLAIR COUNTY, ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Amended Appeal (Doc. 56) of Magistrate Order (Doc. 42) denying Plaintiff's request that Defendant supplement its response to Plaintiff's Second Interrogatory 6(E). Also before the Court is Plaintiff's Appeal (Doc. 51) of Magistrate's Order (Doc. 49) denying Plaintiff's Motion (Doc. 43) to Compel. Defendant filed responses to both motions (Docs. 54 and 57, respectively).

**1. Background.**

According to the second amended complaint, this matter arises from violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq*. ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and the Illinois Human Rights Act, 775 ILCS 5/1-101, *et. seq*. ("IHRA"). The complaint alleges that the plaintiff was employed by St. Clair County in the small claims division from May 2013, until her termination in January 2015. Plaintiff alleges she was terminated after she requested leave under FMLA and that the defendant failed to reasonably accommodate plaintiff's disability.

A Scheduling Order (Doc. 19) was entered on August 28, 2015, and the parties began the

discovery process. Numerous discovery disputes occurred and Magistrate Judge Wilkerson was required to hold discovery dispute conferences on 10/22/2015, 12/2/2015, and 3/25/2016. Magistrate Judge Wilkerson determined that discovery should only extend to the small claims division in which the Plaintiff was employed and not the entire St. Clair County Clerk's Office. Both appeals involve that limitation with regard to written discovery.

2. **Standard.**

A district court reviewing a magistrate judge's decision on nondispositive issues should modify or set aside that decision if it is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Accordingly, the Court will affirm Magistrate Judge Wilkerson's decisions unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. *Id.*

Plaintiff's first appeal (Doc. 56) requests this Court to review Magistrate Judge Wilkerson's Order (Doc. 42) finding that the Defendant was not required to supplement its response to Plaintiff's Second Interrogatory # 6(E). Plaintiff's Second Interrogatory #6 requests:

> 6. For each person working in the Clerk's office, and for the period January 1, 2013 to the present, state:
> A. Name, job title, inclusive dates of employment;
> B. Dates of "tardies;"
> C. Dates of absences;
> D. Discipline for tardies and/or absences, including date and level of discipline.
> E. Whether, during that time period, such person was known to you to be disabled and/or approved for intermittent Family and Medical Leave Act leave and, if so,

state the dates of such FMLA leave.

Prior to his ruling, Magistrate Judge Wilkerson conducted a discovery dispute teleconference (Doc. 40) with the parties and both parties were provided an opportunity to argue their respective positions. The Magistrate Judge then ordered (Doc. 41) the Defendant to supplement its written responses to Plaintiff's Second Interrogatories and Third Request for Production by December 9th, 2015. However, at docket entry 42, the Magistrate Judge clarified his ruling with regard to the supplemental disclosures and stated that the "Defendant is not required to supplement its response to number 6(E) of Plaintiff's Second Interrogatory." The Plaintiff now appeals that ruling.

According to the Plaintiff's appeal, the defendant did provided a supplemental response to Interrogatory 6(E) by providing "employee disability surveys" for employees in the small claims division; however, Defendant maintained its objection to Interrogatory 6(E) to the extent that it requested information about employees outside of the small claims division.

Plaintiff's second appeal requests this Court to review Magistrate Judge's order (Doc. 49) which denied Plaintiff's Motion (Doc. 43) to Compel. The Motion to Compel requested that Defendant be compelled to produce information pertaining to employees outside the small claims division of the St. Clair County Courthouse.

As such, both appeals deal with the same issue of whether the Plaintiff should be allowed to pursue discovery with regard to employees beyond the small claims division of the St. Clair County Courthouse.

Plaintiff argues that she should be allowed to learn defendant's knowledge of the

comparable employees' status with regard to all employees throughout the St. Clair County Circuit Clerk's Office, because those employees share the same supervisor[1].  Plaintiff further argues that all employees' information is needed in order to determine "whether nondisabled employees or employees not eligible for FMLA leave" were treated differently than the plaintiff. (Doc. 51, pg 3).

Defendant argues that the only "similar situated employees" are those employees within the small claims division which consist of approximately 20 employees.  According to the defendant, the St. Clair County Clerk's Office consists of sections[2] that involve different qualifications, conduct, and performance responsibilities for the employees.  Defendant further argues that sharing the same supervisor is not the only factor a court may consider when determining "similarly-situated employees" and states that the employees outside the small claims divisions would not be appropriate to determine whether the plaintiff was treated more or less favorably.

Magistrate Judge Wilkerson heard oral arguments on this issue and considered the proffered case law.  This Court has also considered the proffered case law cited in Plaintiff's appeals and the defendant's responses thereto.  Most controlling, Federal Rule of Civil Procedure 26(2)(C)(iii) provides that the Court may limit discovery if it determines that "the proposed discovery is outside the scope permitted by Rule 26(b)(1)."

Magistrate Judge Wilkerson determined that, "[t]here is no evidence before the Court that the additional employees in the Clerk's office had similar qualification, performance standards or

---

[1] The Honorable Kahalah Clay is the Clerk of Court in St. Clair County and the individual identified by the defendant as the decision-maker responsible for plaintiff's termination.
[2] Such as felony, traffic, and probate.

job conduct." (Doc. 49). He further found that, "without more to establish that the other employees in the Clerk's office were 'similarly situated," this becomes a fishing expedition by the Plaintiff.[3]" (Doc. 49). Although the Plaintiff argues that whether other employees are similarly situated, "is usually a question of fact" and that "no showing of similarity is required in order to seek discovery," it is the court's responsibility to ensure that discovery stays within the appropriate scope and limits. In doing so, the Court considers discovery issues on a case-by-case basis to determine the relevancy of the information requested.

The magistrate judge is in the best position to gauge the extent to which discovery should be allowed in this matter. Further, magistrate judges enjoy extremely broad discretion in controlling discovery. *See Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). There is nothing to indicate that Magistrate Judge Wilkerson's decisions were clearly erroneous or contrary to law. As such, Plaintiff's Appeal (Doc.51) of Magistrate Order (Doc. 49) and Plaintiff's Amended Appeal (Doc. 56) of Magistrate Judge's Order (Doc. 42) are **DENIED.**

**IT IS SO ORDERED.**

**DATED:** 3/17/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

[3] The Magistrate Judge noted that his findings were based on the Federal Rule of Civil Procedure 26(b)(1) which was amended prior to the discovery requests at issue, but clarified that his decision on this matter would not change regardless of what iteration of Rule 26 was applied. The amendment of Rule 26(b)(1) is also noted in this review, but again, would not change the outcome of the decision.