IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KELLI GARNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-00535-JPG-DGW |
| | ) |
| ST. CLAIR COUNTY, ILLINOIS, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on cross motions for summary judgment. Plaintiff filed a Motion (Doc. 72) for Partial Summary Judgment on Count I and the defendant filed a timely response (Doc. 85). Plaintiff filed a reply (Doc. 88) which states exceptional circumstances as required by Local Rule 7.1. As such, the Court will consider plaintiff's reply.

The Defendant filed a Motion (Doc. 75) for Summary Judgment and the plaintiff filed a timely response (Doc. 86). Defendant also filed a reply (Doc. 91) which states exceptional circumstances and the Court will consider defendant's reply.

1. **Background**.

Plaintiff's second amended complaint (Doc. 30), alleges that the defendant violated the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq*. ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and the Illinois Human Rights Act, 775 ILCS 5/1-101, *et. seq*. ("IHRA"). Specifically, the second amended complaint states that the plaintiff was employed by St. Clair County in the small claims division from May 2013, until her termination in January 2015. Plaintiff claims she was terminated after she requested leave under FMLA and that the defendant failed to reasonably accommodate plaintiff's disability.

2. **Standard**.

Summary judgment must be granted, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

The initial summary judgment burden of production is on the moving party to show the Court that there is no reason to have a trial. *Celotex*, 477 U.S. at 323; *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013). Where the non-moving party carries the burden of proof at trial, the moving party may satisfy its burden of production in one of two ways. It may present evidence that affirmatively negates an essential element of the non-moving party's case, *see* Fed. R. Civ. P. 56(c)(1)(A), or it may point to an absence of evidence to support an essential element of the non-moving party's case without actually submitting any evidence, *see* Fed. R. Civ. P. 56(c)(1)(B). *Celotex*, 477 U.S. at 322-25; *Modrowski*, 712 F.3d at 1169. Where the moving party fails to meet its strict burden, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings, but must present specific facts to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322-26; *Anderson*, 477 U.S. at 256-57; *Modrowski*, 712 F.3d at 1168. A genuine issue of material fact is not demonstrated by the mere

existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

2. **Analysis**.

Plaintiff is moving for partial summary judgment on Count I of her Second Amended Complaint. Count I alleges that the defendant interfered with the plaintiff's Family and Medical Leave Act ("FMLA") rights in violation of 29 U.S.C. § 2615(a)(1) by terminating her employment.

In general, the Family and Medical Leave Act ("FMLA") provides leave for qualified employees who must be absent from work for family or medical reasons. 29 U.S.C. § 2601 *et seq*.; *Price v. City of Fort Wayne*, 117 F.3d 1022, 1023 (7th Cir.1997). Specifically, the FMLA seeks to provide up to twelve weeks employment leave within a twelve-month period for an eligible employee who suffers, or who has a family member who suffers, from a serious health condition. The FMLA defines "serious health condition" as "an illness, injury, impairment, or physical or mental condition that involves--(A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11); *see Price*, 117 F.3d at 1024.

The FMLA specifically allows the covered employee to take such leave intermittently or on a reduced leave schedule when medically necessary, even though the employer may not agree to such arrangement. 29 U.S.C. § 2612(b)(1). "Intermittent leave" encompasses leave taken in separate blocks of time because of a single illness or injury, rather than leave taken for one

continuous period of time. It also may include leave in periods from an hour or more to several weeks. 29 C.F.R. § 825.205(a).

29 U.S.C. § 2612(a)(1-2) makes it unlawful for any employer, "to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter" or to "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."

In order to prevail on a FMLA interference claim, "the employee must establish that: (1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him FMLA benefits to which he was entitled." *Burnett v. LFW Inc.*, 472 F.3d 471, 477 (7th Cir. 2006).

Both parties agree that the plaintiff has a serious health condition (migraines) that at times rendered the plaintiff unable to perform the essential functions of her job. The parties also agree that St. Clair County is a qualified employer and that the plaintiff was eligible for FMLA leave. St. Clair County also admits that the plaintiff's leave would have been intermittent. Therefore, there is no genuine issue with regard to these material facts. The main issue in both summary judgment motions is whether the plaintiff provided sufficient notice of her intent to take FMLA leave.

The plaintiff states that she periodically missed work due to migraines and that the defendant was aware of her medical condition. On December 31, 2014, the plaintiff sought assistance from the defendant's Human Resources Office on what she needed to get approval for intermittent FMLA leave and requested the FMLA forms. Then, on January 6, 2015, plaintiff had an approved absence for a medical appoint and was scheduled to return to work after her

4

appointment. However, the doctor prescribed a new medication which caused the plaintiff to fall asleep and she was unable to return to work as scheduled. The next day, the plaintiff provided her doctor's note to her supervisor and went to, "the payroll clerk and asked for FMLA paperwork." Later that day, the defendant terminated the plaintiff's employment. Such termination, plaintiff claims, interfered with her ability to exercise FMLA leave.

The defendant argues in opposition that plaintiff was absent 58 times during her period of employment from May 2013 to January 2015 and failed to notify her supervisor that she would not be returning to work after her medical appointment. Defendant states that the decision to terminate the plaintiff was made on January 6, 2015 (the date plaintiff did not return to work) and was based on plaintiff's, "no call/no show on January 6, 2015 but influenced by her excessive absences."

Further, Defendants claim the plaintiff was required to provide not less than 30 days' notice pursuant to 29 U.S.C. § 2612(e)(2)(B). Section 2612(e)(2)(B) states that for foreseeable leave, an employee is required to provide not less than 30 days' notice. This notice requirement is the basis for the defendants' summary judgment.

"The notice requirements of the FMLA are not onerous. An employee need not expressly mention the FMLA in his leave request or otherwise invoke any of its provisions. It is sufficient notice if the employee provides the employer with enough information to put the employer on notice that FMLA-qualifying leave is needed." *Preddie v. Bartholomew Consolidated Sch. Corp.*, 799 F.3d 806, 818-819 (7th Cir. 2015) (quoting *Burnett v. LFW Inc.,* 472 F.3d 471, 478 (7th Cir. 2001) (citations omitted)).

However, "Courts have been reluctant to read the FMLA as allowing unscheduled and unpredictable, but cumulatively substantial, absences, when the Americans with Disabilities Act

protects only person who over the long run are capable of working full time." *Collins v. NTN-Bower Corp.*, 272 F.3d 1006, 1007 (7th Cir. 2001). The *Collins* court went on to state that the plaintiff had a chronic condition and that she, "asserts a right to take unscheduled leave at a moment's notice for the rest of her life. This implies that she is not qualified for a position where reliable attendance is a *bona fide* requirement, and a person not protected by the ADA may be discharged." *Id.*

Most important to the resolution of these cross summary judgments is that the "adequacy of notice is a fact-specific question." *Burnett v. LFW Inc.,* 472 F.3d 471, 479 (7th Cir. 2001). "At the summary judgment stage, however, '[it]t is not our role to evaluate the weight of the evidence, to judge the credibility of the witnesses or to determine the ultimate truth of the matter, but simply to determine whether there exists a genuine issue of triable fact.'" *Preddie v. Bartholomew Consolidated Sch. Corp.*, 799 F.3d 806, 818-819 (7th Cir. 2015)(quoting *South v. Illinois Envtl. Prot. Agency*, 495 F.3d 747, 751 (7th Cir. 2007)).

In this case, there is a genuine issue as to the material fact of whether the plaintiff provided sufficient notice. Therefore, summary judgment is not appropriate for either party.

4. **Conclusion.**

For the above reasons, Plaintiff's Motion (Doc. 72) for Partial Summary Judgment on Count I and Defendant's Motion (Doc. 75) for Summary Judgment are **DENIED.**

**IT IS SO ORDERED.**

**DATED:**  12/01/2016

              *s/J. Phil Gilbert*
              **J. PHIL GILBERT**
              **DISTRICT JUDGE**